Mitler, Appellant, vs. Associated Contractors, Inc., Respondent.

*June 4—June 26, 1958.*

The cause was submitted for the appellant on the brief of *Harvey & Harvey*, attorneys, and *Earle L. Christ* of counsel, and for the respondent on the brief of *Foley, Capwell & Foley*, all of Racine.

CURRIE, J. Under the judgment of the trial court the plaintiff was awarded no commission on the sale of the 28 lots in block 6. The principal issue upon this appeal is whether the plaintiff had a contract in writing which provided that he was to receive a commission on the sale of these 28 lots that contained the essential terms required by sec. 240.10, Stats.[1]

---

[1] "240.10 Every contract to pay a commission to a real-estate agent or broker or to any other person for selling or buying real estate or negotiating lease therefor for a term or terms exceeding a period of three years shall be void unless such contract or note or memorandum thereof describing such real estate, expressing the

The covenant of the contract of sale on the part of the defendant to pay commission to the plaintiff was contained in the defendant's acceptance of the purchaser's offer. Such acceptance was dated May 16, 1955, and read as follows:

"The above offer is hereby accepted, and the undersigned hereby agrees to sell and convey the above-described property on the terms and conditions as set forth; and promises to pay a broker's commission to Benjamin Mitler & Company, realtors, in accordance with the present agency contract executed by this corporation, and acknowledges receipt of a copy of this agreement."

Such contract of sale contained a schedule which described all of the lots being sold, including the 28 in block 6.

If the afore-quoted covenant by the defendant to pay commission contained in the contract of sale had contained an unequivocal promise to pay a commission on all the lots described in the schedule, including those in block 6, in accordance with the terms of the prior listing contract, we are satisfied that there would have been full compliance with sec. 240.10, Stats. The statutory contract or memorandum may consist of separate writings, if such separate writings when construed together contain all the elements specified by the statute. Furthermore, the fact that the plaintiff was not a party to the contract of sale is immaterial because it was subscribed by the defendant who is the person who is claimed to have agreed to pay the commission.

We are further satisfied that, as to the plaintiff, the covenant for payment of commission in such contract of sale was a contract for the benefit of a third party which the plaintiff is entitled to enforce. At the time such contract of

price for which the same may be sold or purchased, or terms of rental, the commission to be paid and the period during which the agent or broker shall procure a buyer or seller or tenant, be in writing and be subscribed by the person agreeing to pay such commission."

sale was entered into there was a brokerage commission legally due from the defendant to the plaintiff as to the sale of all the lots except those in block 6. Therefore, the plaintiff was a "creditor" beneficiary of such contract rather than a "donee" beneficiary. Restatement, 1 Contracts, p. 151, sec. 133. Williston points out that under the Restatement an intent to benefit the third-party beneficiary is only material in the case of a donee beneficiary and not when such third party is a creditor beneficiary. 2 Williston, Contracts (rev. ed.), p. 1047, sec. 356. Therefore, it is wholly immaterial in the instant case as to whether there was any intent on the part of the defendant to benefit the plaintiff by covenanting with the purchaser in the contract of sale that the defendant would pay the plaintiff's commission.

This brings us to the nub of the controversy, *i.e.,* is such covenant in the contract of sale to be construed as a promise by the defendant to pay a commission on the sale of the lots in block 6 as well as the other described lots?

When this issue was presented to the trial court for the first time by the defendant's demurrer to the complaint, the trial court in its memorandum opinion made the following comment:

"However, there is an express agreement to pay commissions embodied in the acceptance attached to the agreement of purchase and sale (Exhibit B).

"It is true that this acceptance provides that commissions shall be paid 'in accordance with the present agency contract' which may well mean as the plaintiff contends that payment shall be made at the rate specified in that contract. It raises a question with respect to the construction of the agreement which results from the reading of the agreement of purchase and sale in conjunction with the listing contract which two agreements do not cover identical real estate. The ambiguity which exists when these agreements are read in conjunction with each other presents a question of fact which cannot be settled upon demurrer, but may call for evidence

of surrounding circumstances to permit construction and interpretation under proper pleadings."

We are in full accord with such holding of the trial court that an ambiguity does exist which requires an inquiry into the surrounding circumstances to resolve. This being so, it was error for the trial court, when he was later again presented with the same issue by defendant's motion for judgment on the pleadings, to grant such motion. The effect of granting such motion was to determine that no ambiguity existed.

This brings us to the further issue of whether the surrounding circumstances set forth in the affidavits and counteraffidavits, which were presented to the trial court upon the plaintiff's motion for summary judgment, were sufficient to resolve the ambiguity and permit the trial court to grant such motion. We are satisfied that they were not. This is because such affidavits disclosed a conflict in the essential facts.

We will first consider the facts in the affidavits favorable to plaintiff's contention that the defendant by its covenant contained in the contract of sale as to payment of commission did intend to include the lots in block 6. The plaintiff performed the same services with respect to the sale of these lots as he did the other lots originally described in the listing contract. On May 12, 1955, he notified both the defendant and the purchaser that he expected to be paid commission on the lots in block 6. The very next day the contract of sale was drafted containing the ambiguous covenant. Although the plaintiff was present at the closing between the purchaser and defendant there was no statement made by defendant denying the plaintiff's right to commission in accordance with his demand of May 12th. The defendant first disputed plaintiff's right to commission with respect to the

lots in block 6 in August, 1955, approximately three months after the ambiguous covenant had been made by it.

Failure to deny a claim asserted by letter against one party by another under circumstances where it would be natural for the recipient of the letter to make such a denial if the claim were groundless may give rise to an inference of admission of liability by silence. *Alex G. Goethel S. M. W. Co. v. American L. P. Co.* (1933), 213 Wis. 248, 256, 251 N. W. 474; *Mahoney v. Kennedy* (1920), 172 Wis. 568, 572, 179 N. W. 754; and 4 Wigmore, Evidence (3d. ed.), p. 92, sec. 1073 (3). Under the facts set forth in the plaintiff's affidavits the defendant made no direct reply to plaintiff's letter and did not deny the claim for commissions set forth therein until many weeks had elapsed. However, the very next day after receipt of such letter the defendant participated in the drafting of the agreement of sale which contained the covenant to pay commissions that is now before the court for construction. From these facts a court could well infer that it was the intention of the defendant that its covenant to pay commissions, which was expressed in the agreement of sale, extended to all of the lots described in such agreement and that the reference therein to the listing contract was only for the purpose of determining the rate of commission.

However, the counteraffidavits executed by two of defendant's officers which were filed in opposition to the plaintiff's motion for summary judgment, give a contradictory picture of the facts to that presented by plaintiff's affidavits. Such two officers of the defendant averred in their affidavits that they had conversations with the plaintiff "following April 26, 1955, and prior to August 18, 1955," and on all of such occasions the defendant took the position that the plaintiff would not be entitled to commissions on the lots in block 6. If the defendant's officers both before and immediately after receipt of plaintiff's letter of May 12th had

informed plaintiff that the defendant refused to pay commissions on the lots in block 6, there would then be no inference that the covenant as to commissions contained in the agreement of sale was intended as an acquiescence in the plaintiff's demand of May 12th. The affidavits of the defendant's officers therefore raised a conflict as to material facts, which necessitates that a trial be had on the merits.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.

BROADFOOT and FAIRCHILD, JJ., dissent.