JENNARO (Mary), Plaintiff, v. JENNARO (Joseph), and another, Defendants and Third-Party Plaintiffs and Respondents: SCHMID, Third-Party Defendant and Appellant.

*No. 212. Argued September 14, 1971.—Decided October 5, 1971.*
(Also reported in 190 N. W. 2d 164.)

For the appellant there was a brief by *Gerald J. Bloch* and *Phillips, Hoffman & Bloch,* all of Milwaukee, and oral argument by *Gerald J. Bloch.*

For the respondents there was a brief by *Teper & Tepper* of Milwaukee, and oral argument by *Jerome A. Tepper.*

ROBERT W. HANSEN, J.   It is the position of the appellant that both the original complaint and the third-party

complaint fail to state causes of action. Each challenge to each complaint will be considered separately.

*Original complaint.*

On this appeal it is argued that the demurrer of the third-party defendant challenges the original complaint in the action, as well as the third-party complaint. Respondents defend the sufficiency of the initial complaint without disputing the right of the interpleaded third-party defendant to attack it. The reasoning of an early Wisconsin case would appear to allow a demurrer to a third-party complaint to question the initial complaint in the action since the liability of such interpleaded party is contingent upon defendants' liability under the original complaint.[1]

The litmus paper by which a complaint, attacked by means of demurrer, is to be tested in Wisconsin is that demurrer fails if the complaint, liberally construed, expressly, or by reasonable inference, states any cause of action.[2] However, in applying that test, it is to be kept in mind that "[p]leadings are intended to fairly apprise the opposing party of the matters to be tried. . . ."[3] What makes the question close here is that, as appellant points out, the language on the note, attached to the original complaint and made part of it, appears to obligate the defendants only as guarantors of the note. A guarantor is liable to the creditor, not the debtor. However, the plaintiff was not required and in fact did not rely

---

[1] ". . . The trial court should have carried the demurrer back to the first defective pleading; . . . This is not a technical, but a substantial and necessary, rule of law, because without it we would have the anomaly of rendering judgment for a plaintiff who had no cause of action—that is, no legal right violated—merely because the defendant's answer was defective. . . ." *State ex rel. Leiser v. Koch* (1909), 138 Wis. 27, 29, 30, 119 N. W. 839.

[2] *Harte v. Eagle River* (1970), 45 Wis. 2d 513, 519, 173 N. W. 2d 683.

[3] *Prestin v. Baumgartner* (1970), 47 Wis. 2d 574, 579, 177 N. W. 2d 825.

solely on the attached note as an allegation of debt. As the trial court found, paragraph 4 of the original complaint specifically alleges that the defendants borrowed "on behalf of themselves" certain moneys from the plaintiff and her deceased husband. Paragraph 4 alleges that the defendants are indebted to the plaintiff in the amount claimed and that demand has been made for reimbursement and that the defendants have failed and refused to pay the same. Given the liberal construction the Wisconsin rule requires, we hold that the original complaint, by reasonable inference, states a cause of action.

*Third-party complaint.*

In a demurrer, the party demurring concedes the factual assertions in the complaint, but contests the legal premises or conclusions.[4] Facts stated in the complaint are assumed to be true.[5] However, facts are not to be added in the process of giving the pleading a liberal construction. While the Wisconsin test is a relaxed one, it has limits. As this court has said: ". . . While pleadings under the Code must be liberally construed, they cannot be so loosely drafted as to make them a mere hit-or-miss proposition. . . ."[6] So, as to the demurrer to the third-party complaint, the question is: Do the allegations of the third-party complaint, liberally construed but with nothing added to them, state a cause of action?

The heart of the third-party complaint is the allegation in paragraph 6: "That on or about the month of August, 1964, the third-party defendant, Arthur J. Schmid, Jr. guaranteed the note attached to the plaintiff's complaint. . . ." The only claim is that the appellant "guaranteed" the note. The only allegation is that appellant is liable

[4] *Gottlieb v. Milwaukee* (1967), 33 Wis. 2d 408, 414, 415, 147 N. W. 2d 633.

[5] *Volk v. McCormick* (1969), 41 Wis. 2d 654, 658, 165 N. W. 2d 185.

[6] *Scholtz v. Kerschensteiner* (1927), 194 Wis. 92, 100, 215 N. W. 889.

as a guarantor of the note attached to plaintiff's complaint. That is not possible under Wisconsin statutes. Liability on a negotiable instrument is statutorily limited to persons whose signatures appear thereon.[7] It is not disputed that appellant's name does not appear on the note at any place or in any form. The note is attached to the original complaint and "made a part hereof." It must be considered a part of the pleadings and may be resorted to in determining the sufficiency of the pleadings.[8] So a complaint alleging only that a person whose signature does not appear on a note is liable as a guarantor of such note fails to comply with sec. 116.22, Stats. (or sec. 403.401 (1)), and does not state a cause of action.

To escape this result, respondents would have us read the phrase "guaranteed the note" as alleging that the interpleaded third-party defendant made an independent promise to pay the sum due on the note that was not contingent upon the nonpayment of the note by those who signed it. If not contingent upon breach by the cosigners, any such entirely independent and separable promise or agreement would not need to be in writing.[9] There is language in an early Wisconsin case indicating that the word "guaranty" while ordinarily meaning ". . . an undertaking to answer for the debt or the performance of a duty by another in case such other fails to pay or per-

---

[7] Sec. 116.22, Stats., prior to July 1, 1965, or sec. 403.401 (1), thereafter. (Provisions of each section are similar but which section is applicable is not entirely clear because of a possible clerical error in the third-party complaint which alleges a guarantee was made in 1964 eleven months prior to the date of the note whereas it may be that the date of the guaranty would likely be after the date of note, placing it after July 1, 1965. In either event the statutory requirement as to signature appearing on the note is the same.)

[8] *See: Sedgwick v. Blanchard* (1916), 164 Wis. 421, 160 N. W. 267.

[9] *Mann v. Erie Mfg. Co.* (1963), 19 Wis. 2d 455, 460, 120 N. W. 2d 711.

form, . . ." can also be used to denote a promise or absolute agreement.[10] However, to use what that case termed a "colloquial" use of the word "guaranteed" would, under the particular circumstances of this case go beyond searching for an alternative definition of a word. It would require us to find that the allegation "guaranteed the note" did not assert that appellant had agreed to pay the note only in the event of default. Rather it would require us to hold that it sufficiently and adequately apprised him that he was charged with having made an independent promise for good consideration to pay the amount of the note regardless and independent of whether those who signed it paid it. This asks us not to read but to rewrite the complaint. Laymen and lawyers alike certainly would read the key paragraph, with nothing added, as alleging only that appellant promised to pay the amount of the note in the event of default. Something more than definition or construction is needed to remove the contingent nature of the promise as the complaint describes it.

We hold that the amended third-party complaint alleges a guarantee of payment in the event of default, and that it falls short of fairly apprising the interpleaded party of the matters to be tried and that, even given a liberal construction, it fails, with nothing added to it, to state a cause of action. The demurrer to the amended third-party complaint should have been granted, and the order of the trial court overruling it is reversed.

*By the Court.*—Order reversed with directions to dismiss the amended third-party complaint.

[10] *Drovers' Deposit Nat. Bank v. Tichenor* (1914), 156 Wis. 251, 255, 145 N. W. 777.