Thomas and another, Plaintiffs, v. Kells and wife, Defendants and Third-Party Plaintiffs and Appellants: Thomas, Third-Party Defendant and Respondent.

*No. 227. Argued November 3, 1971.—Decided December 2, 1971.*
(Also reported in 191 N. W. 2d 872.)

142

For the appellants there were briefs by *Cannon, Mc-Laughlin, Herbon & Staudenmaier,* attorneys, and *Ellis R. Herbon* and *Heiner Giese* of counsel, all of Milwaukee, and oral argument by *Mr. Giese.*

For the respondent there was a brief by *Borgelt, Powell, Peterson & Frauen,* attorneys, and *Joseph D. McDevitt* of counsel, all of Milwaukee, and oral argument by *Mr. McDevitt.*

ROBERT W. HANSEN, J.   Putting aside for the moment the question of whether the third-party complaint itself establishes an affirmative defense, it is to be noted that nowhere in this case is it contended that such third-party complaint fails to state a cause of action. It clearly does.

To constitute a cause of action for negligence there must be: (1) A duty to conform to a certain standard of conduct to protect others against unreasonable risks; (2) a failure to conform to the required standard; (3) a causal connection between the conduct and the injury; and (4) actual loss or damage as a result of the injury.[1] The third-party complaint, particularly in its paragraph 3,[2] does allege a cause of action and does adequately apprise the opposing party of the matters to be tried.[3]

All this is prologue, necessary prologue, but prologue. For the trial court here sustained the demurrer, holding, that even if the third-party complaint otherwise stated a cause of action, it levelled what it had erected by also establishing an affirmative defense to its allegations.

[1] *See:* Prosser, *Law of Torts* (4th ed., 1971), p. 143, sec. 30.

[2] "3.   Said Betty Ann Thomas, as the mother of said child, as defendants are informed and verily believe, was herself negligent and her negligence caused and contributed to the injuries sustained by said child and the damages sustained by said child and Arthur C. Thomas, if any, in that:

"A.   She failed to properly supervise and watch over said child so as to prevent his use of said steps under the circumstances there and then subsisting and to otherwise supervise his activities so as to prevent injury to him.

"B.   She failed to exercise ordinary care for the safety of said child and to guard him from danger."

[3] *See: Jennaro v. Jennaro* (1971), 52 Wis. 2d 405, 190 N. W. 2d 164.

While a complaint need not specifically deny the existence of any and all affirmative defense,[4] it can, by inadvertence or otherwise, create or concede an affirmative defense fatal to its validity. Does the third-party complaint here do this?

The trial court appears to have found that it did by finding in it an inescapable conclusion that the accident occurred "in the home" of the parents as well as "in the ordinary course of taking care of children and maintaining a family." That conclusion requires re-examination. The trial court correctly cites *Goller v. White*[5] as abrogating the general parental immunity in negligence cases in Wisconsin. It correctly notes two specific exceptions to the abrogation.[6] It states the reason for abrogation of general immunity by this court to be, ". . . primarily because it wanted to take from the parents immunity for any negligence on their part which occurred outside of the home and outside of their ordinary supervision in the exercise of parental authority. . . ."

However, we are here required to deal with what the court did, rather than with reasons suggested for the result reached. Parental immunity was abolished in negligence cases in Wisconsin with two specific exceptions. The sole question on this appeal is whether the third-party complaint places this case as to the demurring third-party defendant within the rule or the exceptions to it.

Cases since *Goller* have dealt with the two exceptions to the ending of parental immunity in negligence ac-

[4] *See:* 41 Am. Jur., *Pleading*, p. 439, sec. 208.

[5] (1963), 20 Wis. 2d 402, 413, 122 N. W. 2d 193.

[6] ". . . (1) Where the alleged negligent act involves an exercise of parental authority over the child; and (2) where the alleged negligent act involves an exercise of ordinary parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care. . . ." *Id.* at page 413.

tions,[7] but neither *Goller* nor the subsequent decisions have answered all questions about the exact meaning and outer limits of the two exceptions.

As one writer has commented, ". . . many questions are left unanswered and many problems remain in the area of parental immunity. . . ."[8] One such is the reference in the second exception to "an exercise of ordinary parental discretion" with respect to the provision of "housing." Does such reference under all circumstances include a basement to attic stairway used in common with other tenants and not under the parents' control? Is it material whether or not the stairway is an only or an alternative method of ingress and egress to the parental premises? Is a rear stairway part of the parental home only as to that portion that leads to the outside door of the duplex? Or, is the portion of the stairway leading to the apartments of other tenants or to the attic also to be included in the definition of parental home or housing? If so, what are the limits, if any, to the "exercise of ordinary parental discretion" in parental permission allowing a three-year-old to proceed down a defective stairway?[9] Does the availability of additional routes of ingress or egress narrow or affect the area of parental discretion? Is choosing or continuing to live in a building where it is necessary or convenient to use a defective

[7] *See: Lemmen v. Servais* (1968), 39 Wis. 2d 75, 158 N. W. 2d 341; *Cole v. Sears, Roebuck & Co.* (1970), 47 Wis. 2d 629, 177 N. W. 2d 866.

[8] "A number of questions were left unanswered by the decision in *Goller v. White*. Many of the questions, of course, center around the meaning of the two exceptions. . . .

". . . many questions are left unanswered and many problems remain in the area of parental immunity. . . ." Robert J. Parins, *Goller and Beyond*, 40 Wisconsin Bar Bulletin, No. 2 (April, 1967), 48, 51. *See also:* William E. McCurdy, *Torts Between Parent and Child*, 5 Villanova L. Rev., No. 4 (Summer, 1960), 521.

[9] *Goller v. White, supra,* at page 413.

stairway "an exercise of ordinary parental discretion" with respect to the providing of "housing" for one's child?

The invitation is clear and the temptation strong to deal with these questions in this case. But we are brought up short, at the demurrer stage, by the fact that the third-party complaint and the demurrer to it do not give the essential facts required to determine the applicability of the *Goller v. White* rule or exceptions.

For example, as to the locale or place of injury, the third-party complaint refers only to the place of injury being ". . . upon premises owned by the defendant, Harold C. Kells. . . ." This falls short of the exactitude as to place of injury and completeness of circumstances required to determine whether the *Goller* rule or exceptions govern. It is true that the amended complaint of the plaintiffs is more specific as to the place of injury.[10] However, a demurrer raises only the sufficiency of allegations contained in the pleading demurred to.[11] Even if all pleadings could be considered by the trial court in determining if an affirmative defense was clearly established, the broader view would here make no difference because the complaint's allegation as to where the injury was sustained, is, upon information and belief, denied in

[10] "10. That on or about July 25, 1965, the plaintiff, Michael Thomas, started to proceed down that portion of the common stairway located between his first floor apartment and the rear door of the above-described premises, fell while on the middle stairway of said portion of the common stairway . . . ." (from fifth amended plaintiffs' complaint)

[11] "It should not be necessary for us to point out that when a party demurs to a pleading he raises sufficiency of the allegations contained in the pleading demurred to, to state a cause of action. The demurrant may not import into the statement of one cause of action the allegations of fact contained in another pleading for the purpose of making it or attempting to make it defective or insufficient. . . ." *Ryan v. First Nat. Bank & Trust Co.* (1940), 236 Wis. 226, 232, 294 N. W. 832.

the answer. If the original complaint were considered, the answer to it would have to be considered. Under either approach and any view of the pleadings, we find that the affirmative defense of coming within the exceptions to the *Goller v. White* abrogation of parental immunity is not established at the demurrer stage by the third-party complaint or even by all pleadings in this case.

It follows that the demurrer here cannot be sustained and the granting of such demurrer by the trial court must be reversed.

*By the Court.*—Order reversed.