PADILLA, Respondent, v. BYDALEK, Appellant.

*No. 334. Argued November 28, 1972.—Decided January 3, 1973.*
(Also reported in 203 N. W. 2d 15.)

For the appellant there was a brief by *Foley & Capwell, S.C.,* of Racine and oral argument by *Gilbert J. Berthelsen* of Racine.

For the respondent there was a brief and oral argument by *Theodore W. Harris* of Racine.

CONNOR T. HANSEN, J. The following issues are raised on this appeal:

1. Does plaintiff's complaint allege sufficient facts to constitute a cause of action in negligence?

2. Assuming that the complaint states a cause of action in negligence, should the trial court have sustained the defendant's demurrer on the grounds that, under the facts alleged, as a matter of public policy, the defendant should not be held liable?

### *Cause of action.*

The first four allegations of plaintiff's complaint are essentially devoted to the relationship between the parties and the events prior to the accident. Plaintiff was an adult employee of the defendant when he was asked by the defendant to go pheasant hunting with the defendant and his son. Despite the knowledge that plaintiff had had no experience with or equipment for pheasant hunting and had only been hunting a minimal amount as a boy, defendant convinced plaintiff to accept his invitation, promising to furnish everything needed for the hunt except the license which plaintiff would acquire.

The complaint further alleges that the defendant selected two of his hunting dogs for the hunt, and that he knew the dogs were "largely untrained, difficult to control, and excitable by nature." That during the hunt the defendant and his son killed birds, and at the suggestion of the defendant the parties crossed over from defendant's property to that of his son-in-law, Daryl J. Hackbarth, to show Hackbarth the birds. In the process of so showing the birds, defendant's son laid his loaded shotgun on the ground. It was at this time that one of defendant's dogs stepped on the safety and trigger of the shotgun on the ground, causing it to discharge and injure the plaintiff. We do not consider it necessary to set forth the allegations of negligence in detail.

When challenged by demurrer, pleadings are to be liberally construed with a view to substantial justice to the parties and are entitled to all reasonable inferences in favor of the pleadings which can be drawn from the facts pleaded. *Wulf v. Rebbun* (1964), 25 Wis. 2d 499, 502, 131 N. W. 2d 303; *Superior Plumbing Co. v. Tefs* (1965), 27 Wis. 2d 434, 134 N. W. 2d 430; *Walley v. Patake* (1956), 271 Wis. 530, 74 N. W. 2d 130. This court, in *Jennaro v. Jennaro* (1971), 52 Wis. 2d 405, 409, 190 N. W. 2d 164, recently stated:

"The litmus paper by which a complaint, attacked by means of demurrer, is to be tested in Wisconsin is that demurrer fails if the complaint, liberally construed, expressly, or by reasonable inference, states any cause of action. . . ."

In pleading negligence and in setting forth the facts which are alleged to constitute negligence, only ultimate, not evidentiary facts, are to be pleaded; and if the pleading fairly informs the opposite party of what he is called upon to meet by alleging the specific facts which resulted in injury, and there is included a general statement that defendant negligently performed the acts complained of,

the pleadings are sufficient. *Colton v. Foulkes* (1951), 259 Wis. 142, 47 N. W. 2d 901; *Harte v. Eagle River* (1970), 45 Wis. 2d 513, 173 N. W. 2d 683; *Bembinster v. Aero Auto Parts* (1959), 7 Wis. 2d 54, 95 N. W. 2d 778; *Weber v. Naas* (1933), 212 Wis. 537, 250 N. W. 436. However, a complaint must still allege acts sufficient to show an invasion of some protected interest to state a cause of action. A complaint may fairly inform an opposite party what he is called upon to meet and yet not state a cause of action. *Wulf v. Rebbun, supra.* Although it is generally said that the determination of negligence is a question for the jury, a court will not submit the issue to the jury where it appears the complaint fails to state a cause of action. *Jones v. Pittsburgh Plate Glass Co.* (1945), 246 Wis. 462, 17 N. W. 2d 562.

Facts from which plaintiff's primary right and defendant's corresponding duty arise, must appear in the statement of facts of the complaint in a personal injury action, together with facts showing a wrong by the defendant. *Miller v. Welworth Theatres* (1956), 272 Wis. 355, 75 N. W. 2d 286. This court, in *Thomas v. Kells* (1971), 53 Wis. 2d 141, 144, 191 N. W. 2d 872, stated:

"To constitute a cause of action for negligence there must be: (1) A duty to conform to a certain standard of conduct to protect others against unreasonable risks; (2) a failure to conform to the required standard; (3) a causal connection between the conduct and the injury; and (4) actual loss or damage as a result of the injury. . . ."

The complaint states that defendant knew or had reason to know that his dogs were loose and excitable; that the guns were loaded; that the dogs would be excited by the birds and attracted to the area where loaded guns were present; and that, nevertheless, defendant exhibited the birds. The complaint continues to allege that:

"... thereupon, his son, Frank L. Bydalek, laid his gun upon the ground with its muzzle pointing towards plaintiff, which his father, Frank M. Bydalek, knew or reasonably ought to have known was fully loaded and operative and dangerous to plaintiff, and held up and exhibited the birds he had taken upon the hunt for Daryl J. Hackbarth to see, whereupon the defendant, Frank M. Bydalek's dogs, which he had negligently left untied or otherwise unrestrained, became excited, as defendant, Frank M. Bydalek knew or reasonably should have known they would, and ran across the gun, which Frank L. Bydalek had laid loaded upon the ground, triggering and discharging the same into plaintiff's leg and body, ..."

Drawing all reasonable inferences from the facts as alleged, and in giving the pleading a liberal construction, it appears that the defendant attracted his excitable dogs to the area where he knew or should have known there was a loaded shotgun, and that he failed to restrain his dogs when it became apparent to him that a loaded shotgun was lying on the ground with its muzzle pointing toward the plaintiff, and in a position where his dogs could step on it.

Whether plaintiff can prove the facts alleged upon trial is not the issue. Where a case, on appeal before this court is on demurrer, all facts set forth in the pleadings will be taken as true. *Brown Deer v. Milwaukee* (1956), 274 Wis. 50, 79 N. W. 2d 340.

Defendant alleges that the complaint fails to state a cause of action against the defendant because it does not allege facts allowing an inference that harm was reasonably foreseeable as probable from defendant's acts.

Foreseeability is a fundamental element of negligence.[1] In *Meihost v. Meihost* (1966), 29 Wis. 2d 537, 545, 546, 139 N. W. 2d 116, this court stated:

[1] *Osborne v. Montgomery* (1931), 203 Wis. 223, 234 N. W. 372; *Butzow v. Wausau Memorial Hospital* (1971), 51 Wis. 2d 281, 187 N. W. 2d 349. *See also:* 57 Am. Jur. 2d, *Negligence,* p. 408, sec. 58; Prosser, *Law of Torts* (4th ed.), p. 250, sec. 43.

"In Wisconsin 'harm must be reasonably foreseen as probable by a person of ordinary prudence under the circumstances, if conduct resulting in such harm is to constitute negligence.' Accordingly, respondent was guilty of common-law negligence if harm, not necessarily the particular harm that actually occurred, could have been reasonably foreseen as probable by a person of ordinary prudence under like circumstances. The mere possibility of harm is insufficient to establish negligence. . . ."

This court has consistently adhered to these principles.[2]

The ultimate question, therefore, is whether defendant could have reasonably foreseen probable harm as a result of his lack of control over his dogs. If he could, a duty would arise to restrain his dogs. Whether it was foreseeable or whether defendant could reasonably anticipate the probability of harm, is a question of fact,[3] generally for the jury to decide.[4]

Plaintiff stated in his complaint that:

". . . defendant, at the said time and place, knew or reasonably ought to have known that the combination of a loaded shotgun laying on the ground with its muzzle pointed at plaintiff, bird dogs running loose and unrestrained, and exhibiting birds in the presence of the unrestrained dogs would create an unreasonable risk of harm to plaintiff, particularly in view of defendant's personal knowledge of plaintiff's lack of familiarity with pheasant hunting, bird dogs, or shotguns; . . ."

Plaintiff has adequately alleged that harm could have been reasonably foreseen as probable by a person of

[2] *Szep v. Robinson* (1963), 20 Wis. 2d 284, 291, 121 N. W. 2d 753; *Wisconsin Power & Light Co. v. Columbia County* (1962), 18 Wis. 2d 39, 43, 117 N. W. 2d 597; *Mondl v. F. W. Woolworth Co.* (1961), 12 Wis. 2d 571, 573, 107 N. W. 2d 472; *Jones v. Pittsburgh Plate Glass Co., supra,* page 469.

[3] *Osborne v. Montgomery, supra; Schneider Fuel & Supply Co. v. Thomas H. Bentley & Son* (1965), 26 Wis. 2d 549, 553, 133 N. W. 2d 254.

[4] *Chicago, North Shore & M. Ry. Co. v. Greeley* (1953), 264 Wis. 549, 59 N. W. 2d 498.

ordinary prudence under the circumstances. Plaintiff has stated facts sufficient to constitute a cause of action and sufficient to submit the issues to the jury of defendant's liability, if any, for his failure to restrain his dogs.

### Public policy.

Defendant argues that, even if the complaint states a cause of action in negligence, the trial court should have sustained the demurrer in that to hold defendant liable under the alleged facts would shock the conscience of society. Defendant insists that the injury to the plaintiff is too remote from the negligence, if any, of the defendant.

The determination to deny liability, where such is, in fact, established, is essentially one of public policy for the court.[5] In *Hass v. Chicago & North Western Ry. Co.* (1970), 48 Wis. 2d 321, 326, 179 N. W. 2d 885, this court stated:

". . . negligence plus an unbroken sequence of events establishing cause-in-fact does not necessarily lead to a determination that the defendant is liable for the plaintiff's injuries. The determination to not impose liability in instances where a negligent act has been committed and the act is a 'substantial factor' in causing the injury rests upon considerations of public policy."

While this court has decided the public policy issue on demurrer,[6] it is usually better practice to submit the issue to the jury insofar as determining the issues of negligence and causation in the same manner as in the ordinary case. *Pfeifer v. Standard Gateway Theater, Inc.* (1952), 262

---

[5] *Schilling v. Stockel* (1965), 26 Wis. 2d 525, 531, 133 N. W. 2d 335; *Colla v. Mandella* (1957), 1 Wis. 2d 594, 599, 85 N. W. 2d 345.

[6] *Hass v. Chicago & North Western Ry. Co., supra.*

Wis. 229, 240, 55 N. W. 2d 29. This court concluded in *Pfeifer, supra,* at page 240, that:

". . . If the jury does determine that there was negligence, and that such negligence was a substantial factor in producing the injury, it is then for the court to decide as a matter of law whether or not considerations of public policy require that there be no liability. . . ."

In this case, the issue is not adequately presented on the complaint and demurrer to now consider the public policy issue, in that the determination of this issue is dependent upon facts yet to be developed at trial.

*By the Court.*—Order affirmed.