LANG, Appellant, v. HEWITT and another, Respondents.

*No. 329. Submitted under sec. (Rule) 251.54 March 6, 1974.—
Decided May 7, 1974.*
(Also reported in 217 N. W. 2d 269.)

The cause was submitted for the appellant on the brief of *Stephen R. Miller* of Milwaukee, and for the respondents on the brief of *Kivett & Kasdorf,* attorneys, and *James R. Gass* of counsel, all of Milwaukee.

WILKIE, J. Two issues are raised on this appeal:

1. Was there sufficient credible evidence from which the jury could reasonably believe that the negligence of Arthur Hewitt was a cause of Mrs. Dorothy Lang's injuries?

2. Was the amended complaint sufficient to allege that Arthur Hewitt was negligent in acts other than pushing Mrs. Dorothy Lang?

*Sufficiency of the evidence.*

The trial court ordered judgment for Hewitt and Reliance because it believed the jury found that Hewitt pushed Mrs. Lang out the door; that the push constituted an intentional tort; and that the complaint was predicated on negligence, thereby not permitting recovery for an intentional tort.

The precise question here is whether there was a paucity of evidence in the record to sustain the jury's

finding that Hewitt was negligent. This necessitates a careful review of the entire jury proceedings.

Mrs. Lang (aged seventy-two at the time), in the early evening of July 16, 1970, went to the grocery store across the street from her South Milwaukee apartment. Finding it closed, she returned home and decided to remain outside in the backyard, where it was cooler than in her apartment. For about half an hour she talked in the yard to her neighbors, Mary (aged fifty-seven) and Joseph DePotsie (age not given), before they all went to Artie's Dog House (the defendant's tavern) a block down the street. It was between 9 and 9:30 p. m. Mrs. Lang and her companions sat on the bar stools; they ordered a beer and talked with Adeline Raether, the bartender, until Arthur Hewitt (aged forty-five) came into the tavern between 10 and 11 p. m. They had ordered a second glass of beer before Hewitt arrived. The evidence is conflicting as to whether the glasses were full or half full when the disturbance later arose.

The testimony of what happened after Hewitt arrived is in irreconcilable conflict. It is unnecessary to go into the details of that testimony. There is credible evidence for the jury to believe that Hewitt cursed Mrs. Lang and her companions; threw beer on them; hollered at them to get out of his tavern; raced around his bar to the door; threatened to call the police if they did not leave; urged Mrs. Lang to hurry up as she was leaving; and opened the screen door as she was reaching for it and stepping down to the first step.

The important point is that the jury could have believed Hewitt's testimony that he did not push Mrs. Lang. If the jury accepted the evidence we have listed, it would be reasonable for the jury to conclude that Hewitt was negligent in the manner in which he put the seventy-two-year-old Mrs. Lang out of the tavern and that he did not commit an intentional tort of battery. In other

words, there is evidence to support the finding of negligence and the trial court was incorrect in directing a verdict on the grounds that the injuries were caused by an intentional tort and not by the negligence of Hewitt. The trial court incorrectly stated that even if Hewitt's acts, as listed, constituted negligence, the push was an intervening cause. Not necessarily so. We cannot see that as a matter of law the jury believed that Hewitt pushed Mrs. Lang out the door. In fact, the indication that the jury believed otherwise is shown by the fact that the jury attributed 30 percent of the negligence to Mrs. Lang. Had the jury found that Hewitt pushed Mrs. Lang, on what basis would it hold her responsible for 30 percent of the negligence? It was unnecessary, therefore, for the trial court to consider the problem of intervening cause, since the jury was not compelled to find that Hewitt pushed Mrs. Lang.

Hewitt's acts that we have listed constitute negligence under the standard discussed by this court in the very recent case of *A. E. Investment Corp. v. Link Builders, Inc.*[1] Under that standard a person is negligent if he commits an act when some harm is reasonably foreseeable as probable under the circumstances. The jury here could find Hewitt negligent under this standard considering the evidence that he hustled a seventy-two-year-old lady out of his tavern and then opened the door she was reaching for in stepping onto the concrete steps for which there was no railing.

### *Negligence alleged in the complaint.*

Hewitt and Reliance contend that Mrs. Lang cannot now base her recovery on acts of Hewitt's other than the push because the complaint pleaded the push as the only

[1] (1974), 62 Wis. 2d 479, 214 N. W. 2d 764.

negligent conduct. Her amended complaint made the following allegations of negligence:

"5. That on or about July 16, 1970, the plaintiff was a business invitee at the place of business, abovesaid, of defendant; that plaintiff and her friend were engaged in conversation and having a glass of beer while seated at the bar; that the defendant *began to curse at them and ordered them out of the tavern;* that plaintiff proceeded to leave the tavern and *defendant came around the bar toward plaintiff and began assisting plaintiff out of the tavern;* that in the *process of getting her out of the tavern,* the defendant did negligently and carelessly push the plaintiff causing her to fall down the steps whereupon she suffered severe injuries; *that the defendant was negligent in the manner in which he put plaintiff out of his tavern* and that he pushed her and made her fall; and the act on the part of the defendant was the proximate cause of the plaintiff's hereinafter described injuries." (Emphasis added.)

The well-known test for determining the sufficiency of a complaint was stated in *Weber v. Naas:* [2]

". . . In pleading negligence and in setting forth the facts which are alleged to constitute negligence, the general rule is that only ultimate facts are to be pleaded and it is not good pleading to plead matters of evidence. . . . If the pleading fairly informs the opposite party of what he is called upon to meet by alleging the specific acts which resulted in injury to the plaintiff, and there is included a general statement that the defendant negligently performed the acts complained of, the pleading is sufficient."

This standard was more recently relied upon in *Wulf v. Rebbun.* [3]

The emphasized portions of the complaint do charge acts other than the push for which Hewitt could be held liable in negligence for the injuries that Mrs. Lang sus-

[2] (1933), 212 Wis. 537, 540, 250 N. W. 436.
[3] (1964), 25 Wis. 2d 499, 502, 131 N. W. 2d 303. *See also:* sec. 263.27, Stats.

tained. The amended complaint did not detail each specific act of Hewitt, but it did provide a warning that Mrs. Lang was alleging negligence in the manner in which he put her out in addition to the negligence of the push. Thus, Hewitt and Reliance had warning of some basis for negligence other than the push.

*By the Court.*—Judgment and order reversed.