FALK, by Guardian *ad litem*, and another, Respondents, v. CITY OF WHITEWATER, Defendant: PECK, Appellant.

*No. 226. Submitted under sec. (Rule) 251.54 September 10, 1974.— Decided October 1, 1974.*
(Also reported in 221 N. W. 2d 915.)

The cause was submitted for the appellant on the brief of *Godfrey, Neshek, Worth & Howarth, S. C.*, all of Elk-

horn, and for the respondent on the brief of *Phil Elliott, Jr.,* of West Allis.

BEILFUSS, J. The issue is—do the facts alleged in the amended complaint state a cause of action for negligence?

The specific contention of appellant Peck on this appeal is that the quoted portions of the complaint do not support a cause of action for negligence "because the making of a fist in and of itself is an *intentional* act, and that any further act resulting therefrom is likewise intentionally done."

The oft-repeated general rule regarding the construction of complaints when challenged by demurrer is that the pleadings:

". . . are to be liberally construed with a view to substantial justice to the parties and are entitled to all reasonable inferences in favor of the pleadings which can be drawn from the facts pleaded. . . . Where this court reviews an order overruling a demurrer made on the ground that the complaint did not state a cause of action, it gives the complaint a liberal construction in favor of stating a cause of action. . . ." *Continental Bank & Trust Co. v. Akwa* (1973), 58 Wis. 2d 376, 384, 206 N. W. 2d 174. *See also: Padilla v. Bydalek* (1973), 56 Wis. 2d 772, 203 N. W. 2d 15; *Walley v. Patake* (1956), 271 Wis. 530, 74 N. W. 2d 130; *Libowitz v. Lake Nursing Home, Inc.* (1967), 35 Wis. 2d 74, 150 N. W. 2d 439, 151 N. W. 2d 680.

However, as stated in *Jennaro v. Jennaro* (1971), 52 Wis. 2d 405, 409, 190 N. W. 2d 164, ". . . it is to be kept in mind that '[p]leadings are intended to fairly apprise the opposing party of the matters to be tried. . . .'"

In order to constitute a cause of action for negligence there must exist: (1) A duty of care on the part of the defendant; (2) a breach of that duty; (3) a causal connection between the conduct and the injury; and

(4) actual loss or damage as a result of the injury. *Thomas v. Kells* (1971), 53 Wis. 2d 141, 191 N. W. 2d 872.

In light of these general rules, we believe the complaint does state facts sufficient to constitute a cause of action in negligence. In essence, the complaint alleges that the appellant struck the plaintiff Donald A. Falk with his fist, was negligent in so doing, and thereby caused the described injuries and damages. There is no allegation of intent on the part of the defendant, and in view of the rule that all inferences are to be drawn in favor of the pleadings, *Continental Bank & Trust Co., supra,* this court would be remiss in concluding that an inference of intent must be drawn.

Appellant cites *Jennaro v. Jennaro, supra,* for the proposition that "facts are not to be added in the process of giving the pleading a liberal construction." It is appellant, however, who urges the adding of a fact to the pleading, *i.e.,* an allegation of intent.

The appellant argues that the making of a fist is an intentional act "and that any further act resulting therefrom is likewise intentional." Even assuming that the making of a fist is necessarily an intentional act, to reason that the striking of someone with that fist is therefore necessarily likewise intentional is a *non sequitur.* Almost all negligent conduct is composed of individual intentional components; to constitute an intentional tort, however, the actor must intend the consequences of his acts, or believe that they are substantially certain to follow. Restatement, 1 *Torts* 2d, p. 15, sec. 8 A. While a driver may intentionally step on the accelerator and intentionally steer his car into the passing lane, a resulting collision with an oncoming car is not ipso facto intentional on the driver's part.

Similarly, it is noted in 65 C. J. S., *Negligence,* p. 451, sec. 1 (7):

"The difference between intent and negligence, in a legal sense, ordinarily is nothing but the difference in

the probability, under the circumstances known to the actor and according to common experience, that a certain consequence or class of consequences will follow from a certain act. . . ."

As stated by the trial court in its bench ruling:

". . . It is conceivable, in the opinion of this Court, that someone could have a fist made for a legitimate reason and that it would be negligence in the use of the fist. There is much merit to defendant's counsel's argument if it was the intentional making of the fist and then using of the fist, that might not be negligence, but we think a liberal construction of paragraph 7 would allow it to stand and be a matter of proof."

The appellant concedes, for the sake of argument, that there may be legitimate reasons for making a fist but criticizes the complaint for not setting forth any of such reasons. It is not the plaintiffs' responsibility to set forth such reasons, for if they are relevant at all they would probably constitute matters of defense, which the plaintiffs are certainly not required to plead or anticipate. *Eiche v. Wallrabenstein* (1934), 215 Wis. 311, 254 N. W. 534; *Thomas v. Kells* (1971), 53 Wis. 2d 141, 191 N. W. 2d 872.

The plaintiffs-respondents may experience some difficulty in proving negligence as contrasted to an intentional tort; however, it is conceivable from the allegations of the complaint that negligence could be established [1] when given the liberal construction it is entitled to.

*By the Court.*—Order affirmed.

---

[1] *Lang v. Hewitt* (1974), 63 Wis. 2d 423, 217 N. W. 2d 269.