Richard BOLTE, Plaintiff-Appellant, †

v.

Terrence R. JOY, Thomas L. Hamlin, Robin S.
Schroeder, Robins, Zelle, Larson & Kaplan, a Min-
nesota partnership, Solle Robins, M. Arnold Lyons,
Sidney S. Feinberg, Harding A. Orren, Bernard
Rosenberg, Arnold M. Bellis, James A. Karigan,
Lawrence Zelle, Robert J. Tweedy, Roger P. Bros-
nahan, Elliot S. Kaplan, Sidney P. Abramson, Howard
A. Patrick, Stanford Robins, John F. Eisberg, Sidney
Kaplan, Dale I. Larson, Alan R. Miller, Stephen A.
Krupp, Thomas C. Kayser, Leo F. Feeney, Steven L.
Ross, Stephen H. Cohen, James R. Safley, Robert M.
Wattson, Bruce F. Burton, Stephen D. Gordon, A.
James Anderson, Leslie H. Novak, John D. Shuff,
James D. Steiner, Michael V. Ciresi, James L. Harlow,
Mark J. Feinberg, Deborah Jean Palmer, Ernest I.
Reveal, III, Bruce A. Finzen, William P. Linhoff, Jr.,
Michael L. Meyer, Lawrence T. Hofmann, Mel I. Dick-
stein, Paul L. Gingras, H. Jerome Gette, David L.
Mitchell, James W. Rockwell, Patrick E. Shipstead,
William H. Stanhope, Richard L. Voelbel, Terry L.
Wade, John G. Brian, III, Andrew W. Hortsman,
James S. Reece, ABC Insurance Company, a fictitious
corporation, Defendants,

DEF INSURANCE COMPANY, a fictitious corpora-
tion, Defendant-Respondent.

---

† Petition to review denied.

744

John W. KELLEY, Defendant-Third Party Plaintiff-Respondent,

v.

HABUSH, HABUSH & DAVIS, S.C., a Wisconsin corporation, Third Party Defendant.

Court of Appeals

*No. 88–0140. Argued November 17, 1988.—Decided May 4, 1989.*

(Also reported in 443 N.W.2d 23.)

For the plaintiff-appellant there was a brief by *Michael J. Jassak,* and *Habush, Habush & Davis, S.C.,* of Milwaukee, and oral argument by *Michael J. Jassak.*

For the defendant-third party plaintiff-respondent there was a brief by *John F. Jenswold* and *Allen A. Arntsen* and *Jenswold, Studt, Hanson, Clark & Kaufmann,* of Madison, and oral argument by *John F. Jenswold.*

Before Dykman, Eich and Sundby, JJ.

SUNDBY, J.   In this legal malpractice case the client, Richard Bolte, appeals from a summary judgment dismissing his complaint against his attorney, John Kelley. Bolte sought damages for injury to his business and professional reputation, and mental distress and anguish, arising from the public dissemination of a jury verdict in an action in which Kelley represented him. The verdict denied him insurance recovery for the loss of a building in a fire which the jury found he had set. We conclude that the trial court correctly dismissed Bolte's complaint for reasons of public policy. We therefore affirm.

## I.

Bolte is an attorney who practices in Wausau. On November 19, 1980 a building he owned, located in Wausau, was destroyed by fire. He filed proof of loss with his insurance carrier, Home Insurance Company, which refused to pay Bolte's claim on the grounds that he had set the fire. Bolte retained Kelley to represent him in an action against Home Insurance with respect to his claim. A jury found that Bolte set the fire. Bolte's complaint alleges that news of that verdict was widely disseminated in Wausau and throughout Wisconsin.

Subsequently, a new trial was ordered. Home Insurance then settled Bolte's claim.

Bolte's complaint alleges that Kelley was negligent because he did not discover during pretrial discovery and trial preparation that an eyewitness to the fire had given a description that excluded Bolte as the man seen running from the building. In his brief, Bolte elaborates on his allegations of Kelley's negligence.

Bolte's complaint alleges that as a result of the wide dissemination of the jury's verdict he was damaged in his business and professional reputation, that he suffered and will continue to suffer mental distress and anguish, and that he was otherwise damaged. In his brief, Bolte claims that his damages also include impaired earning capacity.

The trial court granted Kelley's motion for summary judgment dismissing Bolte's complaint because Bolte's alleged injuries were too remote from Kelley's negligence, they were wholly out of proportion to Kelley's alleged culpability, that allowing recovery would place an unreasonable burden on attorneys, and would enter a field with no sensible or just stopping point.

## II.

Kelley accepts that the issue before the court has two parts. First, did the trial court correctly conclude that Bolte's amended complaint was insufficient to state a claim against Kelley? Second, was it appropriate for the trial court to dismiss Bolte's claim on a pretrial motion?

Kelley suggests that this appeal is analogous to a review of an order granting a motion to dismiss. Whether the motion is to dismiss a complaint for failure to state a claim or for summary judgment, the initial

question we must decide is whether the complaint which has been dismissed states a claim upon which relief can be granted. *Prah v. Maretti,* 108 Wis. 2d 223, 228, 321 N.W.2d 182, 185 (1982).

"In testing the sufficiency of the complaint the facts pleaded by the plaintiff, and all reasonable inferences therefrom, are accepted as true. The pleadings are to be liberally construed with a view to substantial justice to the parties . . . and the complaint should be dismissed as legally insufficient only if 'it is quite clear that under no circumstances can the plaintiff recover.' Clausen & Lowe, *The New Wisconsin Rules of Civil Procedure, Chapters 801-803,* 59 Marq. L. Rev. 1, 54 (1976)." *Maretti,* 108 Wis. 2d at 229, 321 N.W.2d at 186 (citation omitted).

Before reaching the merits, we consider whether the trial court prematurely dismissed Bolte's complaint upon public policy grounds.

## III.

In *Padilla v. Bydalek,* 56 Wis. 2d 772, 779, 203 N.W.2d 15, 20 (1973), the court stated that "[w]hile this court has decided the public policy issue on demurrer, it is usually better practice to submit the issue to the jury insofar as determining the issues of negligence and causation in the same manner as in the ordinary case." (Footnote and citation omitted.)

More recent cases indicate that it is appropriate to dismiss a claim upon public policy grounds where the facts are undisputed and the question is simply whether the court should apply public policy to deny liability. *See Maynard v. Port Publications, Inc.,* 98 Wis. 2d 555, 297 N.W.2d 500 (1980) (action for libel dismissed on summary judgment because potential liability might preclude

publication of small low-budget newspapers and have a deleterious effect on the free dissemination of information); *Evans v. Cameron,* 121 Wis. 2d 421, 360 N.W.2d 25 (1985) (grant of motion to dismiss legal malpractice complaint sustained on public policy grounds where client was *in pari delicto* with allegedly negligent attorney); and *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 401 N.W.2d 816 (1987) (claim against attorney for liability to an adversarial third party not in privity with the attorney properly dismissed on summary judgment for public policy reasons).

In the instant case the trial court concluded that the public policy considerations were fully presented by the amended complaint. We agree. The trial court's decision showed an appreciation of the need to conserve the litigants' and the court's resources. Granting Kelley's motion was not premature.

### IV.

On the merits, the trial court stated: "I accept that the amended complaint alleges a duty, a breach, an injury and damages and that the claimed negligence could have been a cause-in-fact or a substantial factor producing the injury. I also consider that harm was foreseeable in connection with the negligence complained of, and that once negligence is established the actor is liable for unforeseeable consequences, as here, as well as foreseeable ones." (Citation omitted.) By usual criteria, the amended complaint stated a claim.

The imposition of liability does not, however, always flow from a finding of negligence and cause-in-fact. *Coffey v. Milwaukee,* 74 Wis. 2d 526, 540–41, 247

N.W.2d 132, 139 (1976). "The determination to not impose liability in instances where a negligent act has been committed and the act is a 'substantial factor' in causing the injury rests upon considerations of public policy." *Id.* at 541, 247 N.W.2d at 140 (quoting *Hass v. Chicago & North Western Ry. Co.,* 48 Wis. 2d 321, 326, 179 N.W.2d 885, 888 (1970)).

> [R]ecovery may sometimes be denied on grounds of public policy because: (1) The injury is too remote from the negligence; or (2) the injury is too wholly out of proportion to the culpability of the negligent tort-feasor; or (3) in retrospect it appears too highly extraordinary that the negligence should have brought about the harm; or (4) because allowance of recovery would place too unreasonable a burden on the negligent tort-feasor; or (5) because allowance of recovery would be too likely to open the way for fraudulent claims; or (6) allowance of recovery would enter a field that has no sensible or just stopping point.

*Coffey,* 74 Wis. 2d at 541, 247 N.W.2d at 140 (citations omitted).

The trial court concluded that criteria (1), (2), (4) and (6) were particularly applicable to this case. We consider that it is unnecessary to decide whether criteria other than the "no sensible or just stopping point" criterion are implicated. We conclude that the public policy expressed in this criterion requires that we affirm the judgment dismissing Bolte's complaint.

The trial court quoted the following from Kelley's brief which we likewise find appropriate:

> If a party is permitted to sue his trial attorney for consequential damages even though he has received the remedy originally sought in the action, no legal check would remain on claims against trial

lawyers by their clients. In a highly publicized case, one can imagine mental anguish or consequential damage claims based upon counsel's failure to ask a question, failure to object to a question, failure to convince a judge that an objection was proper, failure to prevail on a motion *in limine* as to certain evidence . . . the list could go on and on.

Most trials are public. If we find that Bolte states a claim, we open the door to litigious flyspecking which can only have a chilling effect upon the lawyer's duty to zealously represent the interests of his or her client. The result on representation of criminal defendants of opening that door would be calamitous. Liability for damages, caused by a wrong, ceases at a point dictated by public policy or common sense. *Wilson v. Continental Insurance Cos.,* 87 Wis. 2d 310, 325, 274 N.W.2d 679, 686 (1979). To allow Bolte recovery in this case would go far beyond that point.

*By the Court.*—Judgment affirmed.