HARDY, Judge.
This is an action by plaintiff as subrogee of its insured by which it seeks to recover amounts paid for the repair of damages to the automobile of its said insured, allegedly caused by negligence of the defendant. From judgment in favor of defendant rejecting plaintiff’s demands both parties have appealed.
This is one of three suits, consolidated for purposes of trial and appeal, which resulted from a three-car collision occurring at the junction of Barksdale Boulevard and Highway 80 in Bossier Parish on September 27, 1956. About 7:45 A. M. a 1955 Ford Sedan owned and driven by defendant, Guy H. Nicholson, struck a 1955 Cadillac Sedan owned by J. Tom Harrison Company, Inc., driven by J. Tom Harrison and insured by plaintiff, Trinity Universal Insurance Company. The force of the collision threw the Harrison Cadillac against a 1951 Plymouth Coupe owned and driven by Norman Beasley. All three cars were damaged and both Nicholson and Beasley allegedly sustained slight personal injuries. This plaintiff paid, on behalf of its insured, for repairs to the Harrison Cadillac; was *246 duly subrogated to the rights of its named insured, and, under such subrogation, seeks judgment in this suit in the sum of $690.06.
In one of the related suits this defendant, as plaintiff, sought to recover the sum of $1,660.17, representing damages to the person and the automobile of said plaintiff, from the Harrison Company, Inc. and J. Tom Harrison, individually, in solido, as defendants. In the third suit Norman Beasley, as plaintiff, sought to recover, for personal injuries and damage to his automobile, the sum of $348.96 from Guy H. Nicholson. The demands of all parties were rejected except those of Beasley, who was awarded judgment against Nicholson in the sum of $298.96, of which amount $48.96 was apportioned as representing damage to Beasley’s automobile and $250 as damages for personal injuries. In the instant suit, and the suit in which Nicholson was plaintiff, the district judge prorated the costs between the respective plaintiffs and defendants.
The accident occurred at a triangular intersection made by Barksdale Boulevard, Highway 80 and what is known as the Min-den Cut-off Road. At the tip or point of the triangle, which lies to the north, Barks-dale Boulevard, the main street of Bossier City, turns southerly to the right on the route of Highway 71, while the left fork extends east on the route of Highway 80. A short distance below the apex of the triangle the Minden Cut-off Road, connecting Highways 80 and 71, forms the base of the triangle. This cut-off is designed to permit the interchange of traffic between the two highways. At this point Highway 80 is a four-lane thoroughfare and the two southbound lanes are separated from the two northbound lanes by a narrow, raised asphalt neutral space approximately three feet in width. At the time of the accident Nicholson was proceeding on Barksdale Boulevard and had turned to the south along Highway 71 in the east of two southbound lanes. The northbound traffic along Highway 71 had been halted by traffic control lights and two lines of vehicles in the northbound lanes were at a standstill, leaving open the gap of the cut-off road to allow traffic to move thereon between the two highways. Beasley’s car, halted first in line in the west lane of northbound traffic on Highway 71, was standing immediately south of the cut-off road. Harrison was driving his Cadillac from Highway 80 on the short cut-off road toward the intersection of Highway 71. Perceiving the movement of the Cadillac Beasley waved to Harrison, the driver, thus signaling him to move into the southbound traffic lanes on Highway 71; Harrison heeded the signal, entered the easternmost of the two southbound lanes and was almost immediately struck by the Nicholson car.
The charges and counter-charges of negligence are that Harrison carelessly entered the intersection without making proper observation for approaching traffic and that Nicholson, proceeding at an excessive and illegal rate of speed in the east lane of southbound Highway 71 failed to observe the entrance of the Harrison car into the highway.
Neither Nicholson nor Harrison, for reasons which were satisfactorily explained, were able to appear as witnesses on-trial and their statements, as made to insurance adjusters following the accident, were admitted in lieu of their testimony. The only witness who was tendered in person on trial of the case was Beasley.. Harrison’s statement is of little value inasmuch as he declared that he did not see the Nicholson car until the moment of impact and, of course, could give no estimate of the speed. Nicholson stated that he was driving at about 25 miles per hour when the Cadillac pulled out of the Minden Cut-off Road directly in front of him; that the halted line of northbound traffic blocked his vision and he did not see the Cadillac until he was less than a car length away, and that the Cadillac was moving at a speed of less than five miles per hour at the time of impact. According to Beasley’s-testimony he saw the Nicholson car at a distance of approximately 150 feet when. *247 it made the turn to the south, and he estimated the speed of the car at approximately SO to 60 miles per hour. This witness further testified that the force of the impact knocked the Cadillac some six or eight feet into his car.
We think it is clear that both Nicholson and Harrison were guilty of acts of negligence which contributed to the occurrence of the accident. We do not deem it particularly important whether Nicholson’s speed was 25 miles per hour, as he stated, or 50 to 60 miles per hour, as testified by Beasley. ’ Obviously the location and the congestion of traffic at the time clearly indicated to all drivers in the vicinity the necessity for exercising an unusual degree of care. That neither of the two drivers involved was maintaining a proper lookout is abundantly evident, for, despite the obstruction to the view resulting from the line of cars in the northbound lanes of Highway 71, each of the drivers could and should have perceived the approach of the other vehicle. If Beasley could see the Nicholson car at a distance of 150 feet, Nicholson’s view must have been clear for the same distance and should, therefore, have permitted him to observe the movement of the Harrison car. Certainly, this observation could have been made at a distance greater than one car length. Conversely, Harrison, proceeding into a dangerous intersection between lines of halted vehicles which obstructed his view, should have made a more careful observation, and, certainly, he could have observed the approach of the Nicholson car. Harrison’s statement does not indicate that he made any effort to make observation, and it is apparent that he was relying upon Beasley’s signal waving him into the intersection. Under these circumstances no citation of authority is required to support the factual finding of negligence on the part of both Harrison and Nicholson.
The only party involved who was completely free from negligence was Beasley and it follows that he would be entitled to recover either against Harrison or Nicholson, or both. Inasmuch as he has chosen to proceed only against Nicholson, who, as we have found above, was guilty of negligence in connection with the accident, certainly, the judgment in his favor cannot be questioned.
No issue is made as to the modest damages which have been allowed in favor of Beasley.
In the instant case we find no error in the judgment and it follows that this conclusion is determinative not only of this action but of the companion suit in which Nicholson is plaintiff. Nor do we observe any inequity in the divisions of costs in the trial court as between the parties in these two suits.
For the reasons assigned the judgment appealed from is affirmed. Costs of appeal are taxed against plaintiff-appellant.