ARNOLD JOERNS COMPANY, Respondent, v. ROBERTS, Appellant.

*March 8—April 3, 1962.*

For the appellant there was a brief by *Morrissy, Morrissy, Sweet & Stowe* of Elkhorn, and oral argument by *Ralph R. Stowe* and *Lowell E. Sweet.*

For the respondent the cause was submitted on the brief of *William H. Freytag* of Elkhorn.

FAIRCHILD, J. 1. *Construction of complaint.* The alleged oral "agreement" was twofold: Defendant promised to pay plaintiff a commission if plaintiff introduced anyone who later (a) purchased property from defendant or (b) contracted with defendant for the construction of a house. Plaintiff seeks the agreed commission for introducing persons for each of whom defendant "built a home." Defendant argues that because the complaint did not allege that these persons entered into a contract with defendant for construction of a house, so as to fall squarely under part (b) of the "agreement" they must have bought real estate from defendant and plaintiff's claim must be under part (a). Since the agreement was oral, there can be no recovery under part (a).[1]

But the allegations of a pleading must be liberally construed, with a view to substantial justice between the parties,[2] and the pleading is entitled to all reasonable inferences that can be drawn from the facts pleaded.[3] This complaint will bear the construction that plaintiff introduced prospects seeking the building services of a contractor and that defendant furnished those services to the prospects named. In construing the complaint, we may infer that contracts were made before the services were rendered, that being the ordinary course of dealing in such matters.

A promise to pay a commission for finding persons who will contract for the services of a building contractor need not be in writing to be valid.

2. *Claimed lack of mutuality.* On oral argument, defendant suggested that there was no contract between plaintiff and defendant because, although defendant allegedly prom-

---

[1] Sec. 240.10, Stats., makes void an oral contract to pay a commission for selling real estate.

[2] Sec. 263.27, Stats.

[3] *Boek v. Wagner* (1957), 1 Wis. (2d) 337, 342, 83 N. W. (2d) 916.

ised to pay a commission if plaintiff produced a customer, plaintiff did not promise to seek customers. This is true of the oral "agreement" made in 1954. That amounted to a continuing offer by defendant.[4] When, however, plaintiff produced a prospective customer, a unilateral contract arose, binding defendant to pay the commission if he and the customer made a contract.[5]

3. *Contract not to be performed within one year.* The parties also presented the question whether the oral agreement made in 1954 was void because not to be performed within one year.[6] The statute referred to is not, however, applicable to an agreement which by its terms is capable of being performed within one year.[7]

*By the Court.*—Order affirmed, except that defendant may answer within twenty days after filing of remittitur in circuit court.

[4] *Hopkins v. Racine Malleable & Wrought Iron Co.* (1909), 137 Wis. 583, 586, 119 N. W. 301; 12 Am. Jur., Contracts, p. 506, sec. 8.

[5] See Restatement, 1 Contracts, pp. 10–12, sec. 12, and comment.

[6] Sec. 241.02 (1), Stats.

[7] *Nelsen v. Farmers Mut. Automobile Ins. Co.* (1958), 4 Wis. (2d) 36, 52, 90 N. W. (2d) 123.