WULF, Plaintiff, v. REBBUN and others, Defendants and Appellants: AMERICAN MOTORS CORPORATION, Defendant and Respondent.

*October 26—November 24, 1964.*

500

. . . .”

For the appellants there was a brief by *Wickham, Borgelt, Skogstad & Powell* of Milwaukee, for Rodger Rebbun and the United Services Automobile Association, and *Bender, Trump, Davidson & Godfrey* of Milwaukee, for Bernard Yenter and the Farmers Insurance Exchange, attorneys, and *Thomas W. Godfrey* and *Donald R. Peterson,* both of Milwaukee, of counsel, and oral argument by *Mr. Peterson* and *Mr. Thomas W. Godfrey.*

For the respondent there was a brief by *Giffin, Simarski & Koch,* attorneys, and *Edward J. Simarski* and *James P. Brennan* of counsel, all of Milwaukee, and oral argument by *Mr. Edward J. Simarski* and *Mr. Brennan.*

HALLOWS, J. The issue on this appeal is whether the cross complaints state a cause of action. Pleadings on demurrer are to be liberally construed with a view to substantial justice to the parties and are entitled to all reasonable inferences in favor of the pleading which can be drawn from the facts pleaded. Secs. 263.07, 263.27, Stats.; *D'Angelo v. Cornell Paperboard Products Co.* (1963), 19 Wis. (2d) 390, 120 N. W. (2d) 70; *Arnold Joerns Co. v. Roberts* (1962), 16 Wis. (2d) 333, 114 N. W. (2d) 416. The appellants correctly point out that in negligence actions pleadings are sufficient if they allege ultimate facts and that the acts were negligently performed. *Colton v. Foulkes* (1951), 259 Wis. 142, 47 N. W. (2d) 901; *Weber v. Naas* (1933), 212 Wis. 537, 250 N. W. 436. While the complaint must be liberally construed it must still state a cause of action and must fairly inform the opposite party of what he is called upon to meet by alleging specific acts. A pleading may fairly inform an opposite party what he is called upon to meet and

yet not state a cause of action. However, as stated in *Kagel v. Brugger* (1963), 19 Wis. (2d) 1, 119 N. W. (2d) 394, the question on this demurrer is whether the complaint which fairly informs the defendant of what he is charged states facts which give rise to a duty of the defendant owing to the plaintiff as a matter of law.

Specifically, can an operator of a motor vehicle parked along a curb be negligent in signaling another motorist to proceed out of an alley in front of him and into the street? In sustaining the demurrers the trial court reasoned it was "fair to assume that the most the truck driver assumed to do is to guarantee passage before his own vehicle by virtue of the signaling" and it was "unreasonable to assume in this kind of situation . . . that the driver did any more than guarantee that the vehicle he was operating would not place the Yenter vehicle in jeopardy." We think the trial court in error in making such assumptions from the pleadings. However reasonable such assumptions may appear, they are drawn against the effect of the allegations in the pleadings which should not be done on demurrer. *Arnold Joerns Co. v. Roberts, supra.*

We believe the reasonable inferences from the pleadings alleged an assumed duty owing to the plaintiff which the truck driver breached and the negligence was a substantial cause of the plaintiff's injuries. Admittedly the driver of the American Motors truck had no duty to signal Yenter. In fact, since the truck was parked as distinguished from stopped along the curb, it could be inferred there would be no reason to signal Yenter he could proceed in front of the truck without hazard. Although one may have no duty to perform an act, if he attempts to do something to another even although gratuitously he must exercise reasonable care. *Firkus v. Rombalski,* ante, p. 352, 130 N. W. (2d) 835; Prosser, Law of Torts (3d ed.), ch. 10, p. 339, sec. 54, Affirmative Conduct; 38 Am. Jur., Negligence, p. 659, sec.

17. The oft-quoted rule was aptly and simply stated by Judge CARDOZO in *Glanzer v. Shepard* (1922), 233 N. Y. 236, 239, 135 N. E. 275, 276, ". . . It is ancient learning that one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all . . . ."

The appellants rely on *Thelen v. Spilman* (1957), 251 Minn. 89, 86 N. W. (2d) 700, wherein the plaintiff after driving behind the truck for about a mile on a two-lane highway was given a signal to pass by the driver of the truck. The driver had been driving with his lights on dim and apparently did not see a car approaching some 150 feet ahead. The plaintiff pulled out to pass the truck and collided with the oncoming car. On appeal the court affirmed the jury finding of negligence on the part of the truck driver, recognizing the principle of liability for the negligent performance of a voluntarily assumed duty. Significantly, when the signaling driver assumed the responsibility of informing the other driver by his signal that the road ahead was safe for travel, the signaling driver was in a better position to make that determination than the driver for whom the signal was meant.

In *Devine v. Cook* (1955), 3 Utah (2d) 134, 279 Pac. (2d) 1075, relied on by the respondent, a truck operated by one Hatch was proceeding on the inside or left lane of a four-lane highway. Plaintiff was following the truck in the right-hand lane. As the Hatch truck neared the intersection which was controlled by stop signs it slowed down and signaled to make a left-hand turn. Defendant Cook was waiting at the stop sign on the left when the driver of the Hatch truck signaled for her to proceed, which the defendant did. She passed in front of the truck and collided with the oncoming plaintiff's car. On appeal the court held Hatch was not negligent stating that all the signal amounted to was a manifestation on the part of the driver that as far as he was

concerned the motorist could proceed, *i.e.,* that he yielded the right-of-way. In this case the driver of the truck was in no position to see the traffic coming from his rear and to his right.

The pleadings in the instant case do not expressly allege the driver of the American Motors truck parked at the curb could or did look to his left and rear to see if traffic was coming before he signaled, nor do we know the size of the motor vehicle and how much it may have obstructed Yenter's view of oncoming traffic to the south on North Holton street. However, it is alleged the employee of American Motors was negligent in signaling Yenter who was "proceeding out of the alley to proceed well-knowing that it was unsafe and dangerous in view of the conditions of the traffic then and there existing." The inference is reasonable the truck driver looked and ascertained the traffic before signaling.

The ability to foresee future harm by the person signaling and the fact of such ascertainment lends meaning to the signal and to the reasonable interpretation of what the signal meant to the recipient. In *Miller v. Watkins* (Mo. 1962), 355 S. W. (2d) 1, 90 A. L. R. (2d) 1426, a school-bus driver slowing down at one of his regular stops signaled the driver of an oncoming truck preparing to stop in response to the flashing red light of the school bus to come on through. When the oncoming truck was about to meet the bus a seven or eight-year-old child came running to the bus and ran into the side of the oncoming truck. The truck driver's view of the approaching boy had been obstructed by a parked car and mailboxes. The court found the jury could reasonably find the school-bus driver was negligent in giving the signal considering the time, distance, surrounding physical facts, known habits and propensities of the child and should have known the boy would emerge momentarily from the house and might be expected to run across the highway

toward the bus. See also *Trinity Universal Ins. Co. v. Nicholson* (La. App. 1958), 104 So. (2d) 244; Anno. 90 A. L. R. (2d) 1431, Duty and liability as to signaling driver approaching from opposite direction or on intersecting highway to pass or to proceed.

This principle is basically the same when applied to a motor-vehicle driver for motioning, waving, or signaling to a pedestrian to proceed across the street. In *Sweet v. Ringwelski* (1961), 362 Mich. 138, 106 N. W. (2d) 742, a ten-year-old girl stopped in the crosswalk in the center of a north-south street when she saw northbound vehicles approaching from her right. The defendant's truck proceeding in the northbound lane nearest the center stopped in the crosswalk and the driver waved to the plaintiff to cross in front of him. She did so and after taking two or three steps beyond the truck was struck by another defendant's automobile which was also traveling north in the lane immediately east of the truck. Negligence was claimed in the truck driver's waving her on without having ascertained that she could proceed across the rest of the intersection in safety without danger from other approaching vehicles. The trial court, as in the instant case, said in effect the plaintiff was seeking to transpose an act of common courtesy into a tort and that the waving could be interpreted only as meaning a safe passage in front of his truck. On appeal the court said the trial court should not have determined as a matter of law the intended meaning of the truck driver's waving action and what meaning might reasonably have been conveyed thereby to the ten-year-old girl. The question was one of fact for the jury. See Anno. 90 A. L. R. (2d) 1442, Liability of motor vehicle driver or his employer for motioning, waving, or beckoning to pedestrian to proceed across street, whereupon pedestrian is struck by another vehicle.

It may be true as stated by the trial court and argued by the respondent that the signal given by the American Motors' driver cannot relieve Yenter of his duty to maintain a proper lookout and that his failure in this regard was the real cause of the accident. However, the question of the superseding cause or intervening cause is a question of law for the court after the facts have been determined. *Ryan v. Cameron* (1955), 270 Wis. 325, 71 N. W. (2d) 408; *Merlino v. Mutual Service Casualty Ins. Co.* (1964), 23 Wis. (2d) 571, 127 N. W. (2d) 741; and *Pfeifer v. Standard Gateway Theater, Inc.* (1952), 262 Wis. 229, 55 N. W. (2d) 29.

We think the cross complaints liberally construed state a cause of action and the demurrers should have been overruled.

*By the Court.*—The judgments are reversed with directions to reinstate the cross complaints.

CURRIE, C. J. (*concurring*). I concur in the result of reversal with some reluctance. The allegation that American Motors' driver signaled Yenter to proceed out of the alley "well knowing that it was unsafe and dangerous" to so proceed coupled with the absence of an allegation that the truck driver was seated in the driver's seat is sufficient to render the complaint nondemurrable. However, based upon statements of counsel made in oral argument, there is little doubt the evidence at trial will disclose that the truck driver was seated in the driver's seat with his back to the Rebbun car approaching from the south. This being the situation, he would not be chargeable with knowledge of traffic approaching from his rear, and the case should be governed by *Devine v. Cook* (1955), 3 Utah (2d) 134, 279 Pac. (2d) 1075.

One in Yenter's position, upon observing that the truck driver so has his back to traffic coming from the rear, would

have no right to assume the latter's signal to proceed had any reference to such traffic. It is wholly immaterial whether the truck is parked or merely temporarily stopped so long as the truck driver is seated in the driver's seat. In either case the signal should only be subject to the reasonable interpretation that the truck is not going to proceed into the path of the car to which the signal is given.

I am authorized to state that Mr. Justice WILKIE joins in this concurring opinion.

GORDON, J. (*dissenting*).    I agree with the opinion of the trial judge, who stated:

"I think it unreasonable to assume in this kind of a situation as alleged specifically on the facts in this complaint, that the driver did any more than guarantee that the vehicle that he was operating would not place the Yenter vehicle in jeopardy."

A complaint which alleges that a driver was negligent in signaling another operator to proceed should not be construed (even on demurrer) to represent the former's warranty that other traffic will yield.  Fairly interpreted, such a signal constitutes an invitation to proceed ahead of the one giving the signal; it is not a guarantee that the highway is free of all other potential dangers.