STATE of Wisconsin, Plaintiff-Respondent,

v.

Tammy KEITH, Defendant-Appellant.†

Court of Appeals

*No. 92-1800-CR.  Submitted on briefs November 18, 1992.—Decided March 2, 1993.*

(Also reported in 498 N.W.2d 865.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Stephen R. Leopold,* of *Law Offices of Stephen R. Leopold,* of Milwaukee.

For the plaintiff-respondent the cause was submitted on the briefs of *E. Michael McCann,* district attorney, with *Jonathan D. Stick,* assistant district attorney, of Milwaukee.

Before Sullivan, Fine and Schudson, JJ.

SCHUDSON, J.   Tammy Keith appeals from a judgment of conviction for carrying a concealed weapon, contrary to sec. 941.23, Stats.[1] Keith argues that, as a matter of law, she could not be convicted of *going armed*

---

[1] Because this appeal involved applying the law on carrying a concealed weapon to a factual situation significantly different from that found in prior caselaw, this case was converted from an expedited one-judge appeal to a three-judge disposition pursuant to sec. 809.41(3), Stats.

as required by sec. 941.23[2] because she was on her porch and was not going anywhere at the time of her arrest. We disagree and affirm the judgment of conviction.

On June 13, 1989, City of Milwaukee police officers Scott Gastrow and Javon Smith were dispatched to investigate a burglar alarm report at a duplex located at the 2200 block of north 42nd Street. When the officers arrived at the duplex, they found Keith waiting for them on the front porch. Keith informed the officers that she was staying with someone who lived in the building, and that she had come home from a drive-in theater and had forgotten the code to deactivate the burglar alarm.

There was a factual dispute regarding whether Keith had her purse with her on the porch when the officers arrived on the scene. Keith testified that when the police arrived, she was waiting outside on the porch, but without her purse. She said that she then accompanied Officer Smith into the duplex to verify that she lived there, and retrieved her purse in order to obtain identification. Keith does not dispute, however, that she had the gun in her purse after she and Officer Smith went back out onto the porch. Both officers repeatedly testified that Keith had the purse with her on the porch when they arrived and that they did not enter the duplex unit.

The officers ran a routine check on Keith's name, which revealed two outstanding warrants for Keith's arrest. After Keith was placed under arrest, she voluntarily told the officers that she had a gun in her purse. The officers searched the purse, found the gun, and arrested her for carrying a concealed weapon.

---

[2] Section 941.23 states:

**Carrying concealed weapon.** Any person except a peace officer who goes armed with a concealed and dangerous weapon is guilty of a Class A misdemeanor.

Prior to trial, as well as after the State's presentation of its case and after the jury's return of its "guilty" verdict, Keith moved for dismissal, arguing that, as a matter of law, because she was on the porch of the apartment building where she lived and because she was not going anywhere, she could not have been *going armed*.[3] The trial court denied each of Keith's motions.

Interpretation or construction of a statute and its application to a set of facts is a question of law that is independently reviewed by an appellate court. *State v. Seigel*, 163 Wis. 2d 871, 885, 472 N.W.2d 584, 590 (Ct. App. 1991). In *Mularkey v. State*, 201 Wis. 429, 230 N.W. 76 (1930), the Wisconsin Supreme Court explained that "going armed" means "that the weapon was on the defendant's person or that the weapon must have been within the defendant's reach and that the defendant was aware of the presence of the weapon." *State v. Asfoor*, 75 Wis. 2d 411, 433-434, 249 N.W.2d 529, 539 (1977). This definition has been repeatedly affirmed as a correct statement of law and is part of the standard jury instruction for this offense. *See State v. Fry*, 131 Wis. 2d 153, 184, 388 N.W.2d 565, 578 (1986); Wis J I—Criminal 1335.

Keith attempts to introduce an element not found in sec. 941.23, Stats., by arguing that in order "to go armed, you have to go somewhere." In contrast, however, our supreme court has interpreted the elements constituting the offense simply to include: 1) the defendant had a dangerous weapon on the defendant's person or within the defendant's reach; 2) the defendant was aware

---

[3] Keith also argued that because the concealed pistol did not have a firing pin, it could not have been a "dangerous weapon." However, Keith does not argue this ground on appeal and, therefore, it has been waived.

of the weapon's presence; and, 3) the weapon was hidden or concealed from ordinary view. *Fry*, 131 Wis. 2d at 182, 388 N.W.2d at 578. Thus, there is no separate element requiring that a person actually *go* somewhere, and, therefore, carrying a concealed weapon "does not necessarily import the idea of locomotion." 94 C.J.S. *Weapons* sec. 8a (1956). Additionally, neither the parties nor this court has discovered any reported authority that allows a person to carry a concealed weapon on a person's front porch.

It is undisputed that the weapon was concealed in Keith's purse, which she was holding while standing outside on her front porch, and that she was aware of the gun's presence. Thus, the elements of sec. 941.23, Stats., were satisfied.

*By the Court.*—Judgment affirmed.