STATE OF MAINE                                    SUPERIOR COURT
ANDROSCOGGIN, ss.                                 CIVIL ACTION
                                                  DOCKET NO. CV--99-38

DONNA DIONNE,                    RECEIVED & FILED ʳ⁸ʰᶜ AꞰꞀ- 4/13/2000

                                                 **DONALD L. GARBRECHT**
APR 13 2000                      LAW LIBRARY

            Plaintiff            ANDROSCOGGIN
                                 SUPERIOR COURT        APR 18 2000

      v.

PROGRESSIVE INSURANCE
COMPANY and                                  DECISION AND ORDER
CHRISTINE ALBRECHT,

            Defendants

      This matter is before the Court on Defendant Progressive's Motion for
Summary Judgment. For the following reasons, Defendant's Motion is GRANTED.

## FACTS

      On May 27, 1998 Plaintiff Donna Dionne was driving a Volkswagen
automobile on the outer northbound lane of Eastern Avenue in Lewiston, Maine.[1]
At the same time, Christine Albrecht was operating a Nissan automobile on the
inner southbound passing lane of Eastern Avenue. Ms. Albrecht had stopped her
vehicle and was getting ready to make a left-hand turn.

      Ms. Albrecht testified that at the time she had observed a stopped vehicle in
the inner northbound passing lane and that its driver waved her on. Ms. Albrecht
waited approximately one minute before completing her turn. For the first thirty
seconds, she paused to make sure that the driver was actually waving her on. She
then inched across the median line in front of the vehicle. Driving forward enough
to see beyond the vehicle, she looked to see if any traffic was approaching from the
northbound lanes. Passing the car that waved her on, Ms. Albrecht pulled out. She

---

[1] Eastern Avenue if a four- lane road, with two lanes in either direction.

1

saw Ms. Dionne's vehicle just before her automobile collided with it. The waving driver never stopped and Ms. Albrecht does not know the driver's identity.[2]

Ms. Dionne is insured under an automobile liability insurance policy issued by Progressive Insurance Company ("Progressive"). Subsequently, Ms. Dionne filed a claim for damages against Progressive pursuant to an uninsured motorist provision included in her policy. Progressive denies Ms. Dionne's claim, stating that as a matter of law, the unknown motorist's "wave" does not make the motorist, and therefore Progressive liable in negligence. Alternatively, Progressive argues that the wave-on signal was not the proximate cause of the collision. Progressive now moves for summary judgment.

## DISCUSSION

### Is waving-on another driver a basis for negligence under Maine law?

The Law Court has never ruled on the issue of whether a "waving" driver may be liable in tort for causing an accident to another driver. Outside Maine, jurisdictions are split on the question of liability. Progressive urges the Court to follow those jurisdictions which interpret waving as either a courtesy gesture or as a signal indicating that the driver is yielding the right of way. *See Askew v. Zeller*, 521 A.2d 459, 462 (Pa. 1987) *citing opinions*.

Ms. Dionne urges the Court instead to follow those jurisdictions that allow imposition of liability where the factfinder interprets the wave-on gesture as an "all-clear" signal. The issue of proximate cause is also left to the factfinder. *See e.g Wulf v.Rebbun*, 25 Wis. 2d 499, 131 NW 2d 303 (1964).

After comparing the alternative approaches, the Court follows those jurisdictions that interpret the wave-on gesture as a yielding of the right of way. The Court concludes that this is the better view, especially in a small rural state such as Maine; the public benefits by encouraging motorists to engage in courteous conduct.

---

[2] Ms. Dionne does not dispute these Material Facts.

2

## As a matter of law, the waving gesture was not the proximate cause of the accident.

Even if the Court were to find that the wave-on gesture was an appropriate basis for establishing liability, Ms. Dionne would still have the burden of establishing proximate cause as part of her *prima facie* case. Viewing the facts in the light most favorable to Ms. Dionne as the non-moving party, the Court finds that the wave-on driver did not as a matter of law proximately cause the collision.

Summary judgment is appropriate in this case where "there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law." *Glynn v. Atlantic Seaboard Corporation*, 1999 ME 53, ¶ 728 A. 2d 117, 119. Here, it is undisputed that Ms. Albrecht took a full minute to complete her left hand turn. It is undisputed that during that minute, she carefully surveyed the traffic on the road and conducted her own safety check. Where Ms. Albrecht did not rely on the wave-on gesture, the driver's signal cannot as a matter of law be the proximate cause of the accident.

Wherefore the entry shall be: Defendant's motion for summary judgment is GRANTED.

Date: April 11, 2000

Roland A. Cole
Justice, Superior Court

Sheldon Tepler
Plaintiff

Jonathan Brogan
D- Albrecht

Christopher Dinan
D- Progressive