COURT OF APPEALS
DECISION
DATED AND FILED

July 16, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP728**

STATE OF WISCONSIN

Cir. Ct. No. **2019CV31**

IN COURT OF APPEALS
DISTRICT III

---

LOST LAKE CRANBERRY, INC.,

   PLAINTIFF-APPELLANT,

 V.

IRON COUNTY,

   DEFENDANT-RESPONDENT.

---

APPEAL from a judgment of the circuit court for Iron County: KEVIN G. KLEIN, Judge. *Affirmed.*

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Lost Lake Cranberry, Inc., ("Lost Lake") appeals a summary judgment dismissing its breach of contract and negligence claims against

Iron County ("the County"). We conclude that the circuit court properly granted the County summary judgment on Lost Lake's breach of contract claim because Lost Lake's purported oral contract failed to comply with the statute of frauds. In addition, the County was entitled to summary judgment on Lost Lake's negligence claim because, absent the alleged contract, the County did not owe a duty of care to Lost Lake requiring the County to take the specific actions that Lost Lake contends it should have taken. We therefore affirm.

## BACKGROUND

¶2 Lost Lake—a business owned by the Sleight family—owns and operates a cranberry marsh near Mercer, Wisconsin. A snowmobile trail, located on a former railroad right-of-way, bisects Lost Lake's property. John Raabe purchased the right-of-way from Chicago and North Western Transportation Company in 1980. In 1985, Raabe granted the County an easement over the right-of-way for use as a snowmobile trail.[1] In 1992, Raabe deeded the right-of-way to James and Sharon Lambert, reserving a perpetual easement in favor of the County "for ingress and egress over and across the existing trail roadway." Sharon Lambert ultimately deeded the right-of-way to the County in 2018.

¶3 According to Lost Lake, in 2014, users of the snowmobile trail left the trail and drove their vehicles onto Lost Lake's property, causing substantial damage to irrigation pipes. In August 2019, Lost Lake filed the instant lawsuit against the County, seeking compensation for that damage.

---

[1] The railroad right-of-way is a 100-foot-wide strip of land. The easement that Raabe granted to the County was for the use of a sixteen-foot-wide strip of land within the right-of-way.

2

¶4 In its complaint, Lost Lake alleged that at some unspecified time, it had granted the County "an easement of a snowmobile trail over and across a portion of" its property. Lost Lake further alleged that, "[a]s a condition of the granting and continuation of such easement, and as an inducement to [Lost Lake] to grant and allow such easement," the County agreed to: (1) "take and maintain effective measures along such snowmobile trail located on [Lost Lake's] property to prevent users of the snowmobile trail from leaving the snowmobile trail and from traveling upon the adjoining cranberry marsh property of [Lost Lake]"; and (2) "compensate and indemnify [Lost Lake] for any damage to [Lost Lake's] cranberry marsh business and property caused by the users of such snowmobile trail on [Lost Lake's] property."

¶5 Based on these factual allegations, Lost Lake asserted two claims against the County. First, Lost Lake alleged that by virtue of the agreement described above, the County "created and assumed a duty to exercise ordinary care to perform and complete the said agreement and undertaking on its part to be performed." Lost Lake alleged that the County was negligent in the performance of that duty "by failing to take or maintain effective measures to prevent users of such snowmobile trail from leaving the designated trail and from traveling upon the adjoining cranberry marsh business property." Second, Lost Lake alleged that the County had breached the parties' contract by: (1) failing to "take or maintain effective measures" to prevent users of the snowmobile trail from leaving the trail and traveling upon Lost Lake's property; and (2) refusing to indemnify Lost Lake for the 2014 damage to its property.

¶6 The County moved for summary judgment, raising multiple arguments. As relevant to our disposition of this appeal, the County asserted that it had no contractual relationship with Lost Lake. Specifically, the County argued

that it never received a written easement from Lost Lake in exchange for an indemnification agreement "for the simple reason that [the County] did not need an easement from [Lost Lake]" because "the snowmobile trail at issue does not cross property owned by [Lost Lake]." The County also argued that Lost Lake's negligence claim failed because it was based on duties that the County allegedly owed under a nonexistent contract.[2]

¶7    In response, Lost Lake submitted an affidavit of Daniel Sleight, the president of Lost Lake. Sleight averred that: (1) as part of its abandonment of the railroad right-of-way, Chicago and North Western Transportation Company removed certain bridges from the right-of-way; (2) the removal of one bridge "rendered a portion of the snowmobile trail as it abutted the Sleight-Lost Lake property inaccessible"; (3) in order to allow continued use of the snowmobile trail while the County rebuilt that bridge, Raabe "solicited the members of the Sleight family … to allow the snowmobile trail to run over and along a different path abutting the marsh property until the bridge restoration project was completed"; (4) the Sleights understood Raabe to be acting as an agent of the County because he was "Town Chairman" at the time and was "the grantor of the easement to [the] County"; (5) in 1985, the Sleights agreed to allow the trail to run over their property temporarily, "provided that, even after the completion of the bridge

_____

[2] The County raised additional arguments in its summary judgment motion—namely, that it was immune from suit under WIS. STAT. §§ 895.52 and 893.80(4) (2021-22), and that Lost Lake's damages were capped at $50,000 under § 893.80(3) (2021-22). The circuit court granted the County summary judgment on other grounds and did not address these arguments. Likewise, we need not—and do not—address these arguments further. *See Patrick Fur Farm, Inc. v. United Vaccines, Inc.*, 2005 WI App 190, ¶8 n.1, 286 Wis. 2d 774, 703 N.W.2d 707 (court of appeals decides cases on the narrowest possible grounds).

All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

project and resumption of use of the existing snowmobile trail," the County "would place signs and barriers to prevent snowmobiles from trespassing off the existing trail and onto the cranberry marsh property" and would "compensate the Sleights for any damage caused by users of the snowmobile trail who left the existing trail and came upon the cranberry marsh property"; and (6) the County never placed signs, barriers, or warnings of any kind to prevent users of the trail from leaving the trail and trespassing onto Lost Lake's property.

¶8    In reply, the County asserted that Lost Lake had conceded that no written easement agreement existed. The County further argued that even if Raabe made an oral promise to place signs or indemnify Lost Lake, there was no evidence that Raabe was acting as the County's agent or had actual or apparent authority to bind the County. In addition, the County argued that any such oral promise by Raabe was void because it violated the statute of frauds. *See* WIS. STAT. § 241.02.

¶9    In a written decision, the circuit court agreed that the County was entitled to summary judgment on Lost Lake's breach of contract claim because the alleged oral agreement from 1985 violated the statute of frauds. The court also granted the County summary judgment on Lost Lake's negligence claim, reasoning, in part, that the County's alleged duty to Lost Lake "could only be proven by an alleged agreement that, if it had existed at all, would be void." The court subsequently entered a final judgment dismissing Lost Lake's claims, and Lost Lake now appeals.

**DISCUSSION**

¶10    We independently review a grant of summary judgment, using the same methodology as the circuit court. *Hardy v. Hoefferle*, 2007 WI App 264, ¶6,

306 Wis. 2d 513, 743 N.W.2d 843. Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2). When reviewing a circuit court's summary judgment ruling, we construe the facts and all reasonable inferences in favor of the nonmoving party. *Strozinsky v. School Dist. of Brown Deer*, 2000 WI 97, ¶32, 237 Wis. 2d 19, 614 N.W.2d 443.

## I. Breach of contract

¶11 The circuit court determined that the County was entitled to summary judgment on Lost Lake's breach of contract claim because the oral contract alleged by Lost Lake violated the statute of frauds.[3] The interpretation of a statute and its application to a set of facts are questions of law that we review independently. *State v. Keith*, 175 Wis. 2d 75, 498 N.W.2d 865 (Ct. App. 1993).

¶12 As relevant here, the statute of frauds provides that "[e]very agreement that by its terms is not to be performed within one year from the making thereof" "shall be void unless such agreement or some note or memorandum thereof, expressing the consideration, be in writing and subscribed

---

[3] The circuit court recognized that there was a factual dispute as to whether an oral contract was made between Raabe—acting on the County's behalf—and Lost Lake. The court essentially concluded, however, that even assuming that such an agreement existed, it violated the statute of frauds and was therefore void.

Like the circuit court, we assume without deciding that an oral contract existed. In other words, we construe the facts and reasonable inferences related to that issue in favor of Lost Lake, the nonmoving party. *See Strozinsky v. School Dist. of Brown Deer*, 2000 WI 97, ¶32, 237 Wis. 2d 19, 614 N.W.2d 443. Nevertheless, even assuming that an oral contract existed, we conclude that it was void pursuant to the statute of frauds.

by the party charged therewith." WIS. STAT. § 241.02(1)(a). Here, it is undisputed that the purported agreement between Raabe (on behalf of the County) and Lost Lake was not in writing. The disputed issue is whether that agreement "by its terms [was] not to be performed within one year" of its making. *See id.*

¶13 To determine whether an agreement is to be performed within one year of its making, we must ask whether there is any "possibility" that the agreement could be performed within one year. *See Nelsen v. Farmers Mut. Auto. Ins. Co.*, 4 Wis. 2d 36, 52, 90 N.W.2d 123 (1958). Stated differently, the statute of frauds' one-year provision "is not … applicable to an agreement which by its terms is capable of being performed within one year." *Arnold Joerns Co. v. Roberts*, 16 Wis. 2d 333, 336, 114 N.W.2d 416 (1962).

¶14 Viewing the facts in the light most favorable to Lost Lake, we agree with the circuit court that the alleged oral contract between the County and Lost Lake is void under WIS. STAT. § 241.02(1)(a) because it could not possibly be performed within one year of its making. Lost Lake alleges that it agreed to allow the County to temporarily relocate a snowmobile trail onto its property while a bridge on the former railroad right-of-way was being reconstructed. According to Lost Lake, in exchange, the County promised to: (1) place signs and barriers to prevent snowmobilers from leaving the existing trail and trespassing onto Lost Lake's property; and (2) compensate Lost Lake for any damage caused by trail users who left the trail and came onto Lost Lake's property. Critically, Lost Lake itself contends that the County promised to undertake these measures in perpetuity, "even after the completion of the bridge project and resumption of use of the existing snowmobile trail" on the former railroad right-of-way.

¶15     As the County aptly notes, accepting Lost Lake's version of the facts as true, the alleged oral contract created a "never-ending obligation" that "can never be completely discharged, irrespective of whether it may be triggered within one year of the claimed making." For instance, even if the indemnity provision of the contract had been triggered within one year of the contract's making and the County did, in fact, indemnify Lost Lake for damage to its property, the County's performance of its contractual obligation would not be complete because the County would have a continuing obligation to indemnify Lost Lake for future damage. Similarly, even if the County placed signs and barriers to prevent snowmobilers from leaving the trail within one year after the contract was made, as a matter of common sense, those signs and barriers would not last forever. Accordingly, at some point after the one-year period expired, the County would be required to either place new signs and barriers or to repair the existing signs and barriers. Again, it would not be possible for the County to fully discharge its contractual obligation within one year after the contract was made.

¶16     Lost Lake relies primarily on *Nelsen* in support of its argument that the statute of frauds does not apply. In *Nelsen*, the parties had an oral agreement that Nelsen would be paid commissions on policies of insurance that local agents sold for the defendant insurance company in Nelsen's district, for as long as the insurance company sold policies in that district. *Nelsen*, 4 Wis. 2d at 49-50. On appeal, our supreme court concluded that this agreement was not void under the statute of frauds because it could have been performed in one year. *Id.* at 52-53. The court explained:

> Appellant contends that Nelsen's own testimony establishes the fact that the parties were making a contract for long duration,—that it was understood that the building up of the district agency was a slow process, that Nelsen would have no immediate substantial returns from his investment of

8

time and money and that the only substantial returns were contemplated for years in the future. This does not mean, however, that the contract was incapable of performance within a year from the time it was entered into. The contract was to be continued until the Insurance Company discontinued writing insurance in Nelsen's district or until Nelsen discontinued operating in the district. Conceivably, either of these contingencies might have occurred within the year.

*Id.* at 52.

¶17 *Nelsen* is distinguishable because, in that case, there were two potential limits on the duration of the parties' agreement—i.e., the agreement would last until the insurance company stopped selling policies in Nelsen's district or until Nelsen stopped operating in the district. Thus, the contract could have been fully performed by the parties if either of those limitations had occurred within one year after the contract was made. There are no such limitations inherent in the oral agreement at issue in this case. As such, the agreement is void due to its failure to comply with the statute of frauds. Accordingly, the circuit court properly granted the County summary judgment on Lost Lake's breach of contact claim.

## II. Negligence

¶18 As noted above, the circuit court also determined that the County was entitled to summary judgment on Lost Lake's negligence claim. To prevail on a negligence claim, a party must establish four elements: (1) the existence of a duty of care on the part of the defendant; (2) a breach of that duty; (3) a causal connection between the defendant's breach and the plaintiff's injury; and (4) actual loss or damage resulting from the injury. *Gritzner v. Michael R.*, 2000 WI 68, ¶19, 235 Wis. 2d 781, 611 N.W.2d 906.

¶19     Lost Lake claims that the County was negligent by breaching its duty of care to maintain signs and barriers to prevent users of the snowmobile trail from trespassing onto Lost Lake's property.  This claim fails because the facts, when viewed in the light most favorable to Lost Lake, do not establish that the County had a duty of care to maintain signs or barriers.

¶20     A duty of care "is established under Wisconsin law whenever it was foreseeable to the defendant that his or her act or omission to act might cause harm to some other person."  *Id.*, ¶20.  "At the very least, every person is subject to a duty to exercise ordinary care in all of his or her activities."  *Id.*  Here, Lost Lake does not argue that the County's general duty to exercise ordinary care in all of its activities required the County to maintain signs or barriers to prevent trail users from trespassing onto Lost Lake's property.  Instead, Lost Lake argues that the County had a duty to do so based on the parties' oral agreement.

¶21     We have already concluded, however, that the oral agreement was void due to its failure to comply with the statute of frauds.  Consequently, Lost Lake's assertion that the County had a duty of care under that agreement fails as a matter of law, and the circuit court properly granted summary judgment to the County on Lost Lake's negligence claim.

            *By the Court.*—Judgment affirmed.

            This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.

10